UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| 33ACROSS INC., | : |
|                *Plaintiff*, | :  Civil Action No. _____ |
| v. | :  **COMPLAINT FOR** |
| | :  **DECLARATORY JUDGMENT** |
| BLUE ROOSTER MEDIA, INC., | : |
| | :  **DEMAND FOR JURY TRIAL** |
|                *Defendant*. | : |

Plaintiff 33Across Inc. ("33Across" or "Plaintiff"), by and through its undersigned counsel, Pearl Cohen Zedek Latzer Baratz LLP, by way of its Complaint against Defendant Blue Rooster Media, Inc. ("Blue Rooster" or "Defendant"), respectfully alleges and submits as follows pursuant to Rule 3 of the Federal Rules of Civil Procedure:

## THE PARTIES

1. Plaintiff 33Across is a Delaware corporation with its principal place of business in New York, New York.

2. Upon information and belief, Defendant Blue Rooster is a California corporation with its principal place of business in Los Angeles, California.

## NATURE OF THE ACTION

3. This is an action for a declaratory judgment pursuant to 28 U.S.C. § 2201, et seq.

1

## JURISDICTION AND VENUE

4. 33Across is a citizen of Delaware and New York.

5. Blue Rooster is a citizen of California.

6. The amount in controversy between 33Across and Blue Rooster is greater than $75,000.

7. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 2201(a), as there is an actual case or controversy between 33Across and Blue Rooster. Furthermore, a coercive action by Blue Rooster against 33Across for breach of contract would give rise to subject matter jurisdiction based on diversity under 28 U.S.C. § 1332(a)(1), insofar as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

8. This Court has personal jurisdiction over Blue Rooster because the cause of action arises from Blue Rooster's actions in (a) transacting business with 33Across, which is based in New York, and (b) committing tortious actions outside of New York which it expected or should have reasonably expected would have consequences in New York.

9. Upon information and belief, Blue Rooster derives substantial revenue from interstate or international commerce.

10. Based on Blue Rooster's contacts with New York, the exercise of personal jurisdiction over Blue Rooster in this matter would not offend traditional notions of fair play and substantial justice.

11. In addition to the above, Blue Rooster consented to personal jurisdiction in New York by assenting to the Parties' November 6, 2017 Publisher Agreement and Insertion Order ("The Insertion Agreement") (Ex. A). The Insertion Agreement links to the Terms of Use –

Supplemental for Supply Partner Monetization Program ("Supplemental Terms of Use") (publicly available at https://platform.33across.com/revctrl_tos) (Ex. B), which incorporates by reference Section 20 of the Terms of Use, (publicly available at https://platform.33across.com/sitectrl_tos) (Ex. C) providing, in part: "You further consent to exclusive personal jurisdiction and venue in, and agree to service of process issued or authorized by, any such court."

12. Venue lies in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(3) and (c)(2) because Defendant is subject to personal jurisdiction in this judicial district, pursuant to 28 U.S.C. § 1391(b)(2) because, upon information and belief, a substantial part of the events or omissions giving rise to the claims asserted in this action occurred in this judicial district.

13. In addition to the above, Blue Rooster consented to venue in New York by assenting to the Parties' November 6, 2017 Publisher Agreement and Insertion Order ("The Insertion Agreement") (Ex. A). The Insertion Agreement links to the Supplemental Terms of Use (Ex. B), which incorporates by reference Section 20 of the Terms of Use (Ex. C) providing, in part: "You further consent to exclusive personal jurisdiction and venue in, and agree to service of process issued or authorized by, any such court."

## STATEMENT OF FACTS

**A.   Background**

14. Plaintiff 33Across provides a platform for automated advertising for companies (or agents) engaged in online advertising.

15. On or about May 1, 2017, 33Across rolled out its platform for inserting pre-roll video advertisements with online publishers.  Pre-roll advertisements (typically videos) play

automatically before a featured video or website functionality, on mobile or desktop devices. These videos are often short in duration, e.g., less than 15 seconds, and fill a viewer's entire window, such that content cannot be accessed until the pre-roll video is complete.

16. 33Across leverages Google AdX (now known as Google Ad Manager), a real-time marketplace for online advertisers to make automated bids in real-time for displaying their advertisements with publishers.

17. 33Across invoices advertisers (through Google AdX) based on advertisements placed and then pays publishers (or their aggregators or agents) accordingly.

**B.     The Agreement**

18. Defendant Blue Rooster purports to aggregate and connect online publishers (i.e., advertising demand) with cross-screen supply (i.e., advertisements).

19. In late 2017, Blue Rooster approached 33Across to place video advertisements with its aggregated publishers.

20. On November 6, 2017, 33Across and Blue Rooster entered into the Insertion Agreement whereby "[i]n exchange for the right to display ads on the Publisher Sites… Publisher [Blue Rooster] will be paid for each 33Across Intent Impact Ad impression filled by 33Across on the Publisher Sites." (Ex. A).

21. The Insertion Agreement allowed 33Across to withhold payment to Blue Rooster in the event that Blue Rooster provided invalid traffic above a 5% threshold limit:

> 33Across reserves the right to withhold payment, in case of fraud/invalid activity, if one or more of its Demand Sources deem such Inventory as fraudulent. 33Across must provide valid evidence from a recognized third party ad verification tool such as WhiteOps, Integral Ad Science, MOAT, Forensiq, IAS, Pixalate or others, and written notice to the Publisher regarding any high risk traffic/fraudulent activity over the acceptable amount (5%). If such

>    third party ad verification reports high risk traffic over 5%, Publisher [Blue Rooster] will then not be paid. The right to a reduced payment in respect of any period ceases as soon as a payment has been made in respect of that period. (Ex. A)

22.  The Agreement prominently contained, among other aspects, a hyperlink to the Supplemental Terms of Use (Ex. B), which incorporated the Terms of Use (Ex. C), which provides, in relevant part:

>    Notwithstanding anything else herein, 33Across reserves the right to withhold and shall not be obligated to make Payments for any period during which 33Across reasonably determines that Invalid Activities have occurred on a Supply Partner's properties. 33Across will upon Supply Partner's request provide the basis for 33Across's determination. 33Across reserves the right to allocate the cost of discovery of Invalid Activities and administration of withheld payments to the responsible Supply Partner(s).

**C.     The Dispute**

23.  33Across started placing advertisements with Blue Rooster's publishers in or about November 7, 2017.

24.  On or about June 11, 2018, Google notified 33Across that it was rescinding credited payments to 33Across on account of April, May, and June 2018 due to unacceptably high levels of invalid traffic.

25.  In total, Google rescinded approximately $1.2 million of credited payments to 33Across due to invalid traffic.

26.  Google also notified 33Across that it would cease altogether to place pre-roll video advertisements.

27.  Upon information and belief, Google's reason for ceasing to place pre-roll video advertisements with publishers was due, at least in part, to the invalid traffic detected in connection with Blue Rooster's publishers.

28. After Google notified 33Across of the advertisers (i.e., Demand Sources) withholding payments 33Across obtained reports from recognized third party ad verification tools, including MOAT and Pixalate.

29. These recognized third party ad verification tools established that Blue Rooster provided more than 5% invalid traffic over the disputed time period.

30. According to one recognized third party verification entity, Pixalate, Blue Rooster's total invalid traffic was 7% in April 2018, 9% in May 2018, and 7% in June 2018.

31. According to another third party verification entity, MOAT, Blue Rooster's total invalid traffic was 12% in April 2018, 6% in May 2018, and 44% in June 2018.

32. 33Across provided Blue Rooster with information from the above recognized third party ad verification tools.

33. The total amount of invoices issued by Blue Rooster for April, May, and June 2018 is $241,341.59.

34. 33Across withheld payment of $241,341.59 from Blue Rooster for April, May, and June 2018, based on the invalid traffic.

35. Blue Rooster has threatened to file suit against 33Across for withholding payment of these invoices in connection with the Insertion Agreement for traffic in April, May, and June 2018.

36. 33Across has abided by its contractual obligations and is not required to pay Blue Rooster's invoiced amounts.

37. There is an actual controversy between the parties as to whether 33Across is obligated to pay Blue Rooster on account of the outstanding invoices.

**WHEREFORE**, Plaintiff respectfully demands relief against Defendant including, but not limited to, the following:

A. A declaration that Plaintiff does not owe Defendant any sum of money;

B. An award of all costs, expenses, disbursements, and attorney's fees incurred by Plaintiff in this action; and

C. Any other or further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Fed. Civ. P. 38, Plaintiff requests a jury trial as to all counts in this Complaint on all issues so triable.

Dated: April 11, 2019
        New York, New York

Respectfully submitted,

PEARL COHEN ZEDEK
    LATZER BARATZ LLP

*/s/*     Guy Yonay
Guy Yonay (GY 3028)
Sarah Benowich (SB 1991)
1500 Broadway, 12th Floor
New York, New York 10036
Tel:   (646) 878-0800
Fax:   (646) 878-0801

*Attorneys for Plaintiff,*
   *33Across, Inc.*